## IN RE: The Marriage of RENNICK

### Case No. 85-594-FR-01

Nineteenth Judicial Circuit, Indian River County

October 24, 1986

**APPEARANCES OF COUNSEL**

**Stephen D. Fromang** for petitioner/wife.

**Norman A. Green** for respondent/husband.

## OPINION OF THE COURT

DANIEL M. KILBRIDE, Acting Circuit Judge.

### FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

THIS CAUSE was tried before the Court over a period of ten (10) days commencing July 1, 1986, continuing July 2, 7, 8, 10, 1986, September 3, 4, 5, 10, 1986 and concluding September 17, 1986. The Husband, RONALD H. RENNICK, was present and represented by able Counsel, NORMAN A. GREEN, ESQUIRE. The wife, DIANNE M. RENNICK, was also present and represented by able Counsel, STEVEN FROMANG, ESQUIRE. The Court has heard the extensive testimony of the parties and their witnesses, received voluminous exhibits in evidence, and heard the closing arguments of respective counsel. The Court has also reviewed the Husband's Memorandum of Law filed September 17, 1986, and the Wife's Review of Case Law and Statutory Provisions filed September 17, 1986. The Court has also considered the stipulations of the parties concerning the primary physical residence and parental responsibility of the two minor children of the parties, and the stipulation concerning certain real property located in the State of Missouri in the name of the Husband and the parties' eldest son.

Based on the greater weight of the creditable evidence presented at Trial, after having closely observed the parties and their witnesses, and having considered their appearance and demeanor, and having weighed their creditability; and after giving due consideration to the arguments of respective counsel; having considered all case law contained in briefs filed by counsel; and being fully advised in the premises, the Court makes the following

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has jurisdiction of this cause and of the parties in that the parties have been bona fide residents of the State of Florida for more than six (6) months immediately prior to the filing of this dissolution action. The parties were married on August 7, 1971, at Cambridge, Massachusetts. The parties co-habited in the State of Massachusetts until June of 1973, at which time they permanently moved to Vero Beach, Florida. There were two children born of this marriage. J. R. RENNICK also known as RONALD RENNICK, JR., was born October 20, 1972, and STEVEN RENNICK was born July 11, 1979. The parties have stipulated that the primary physical residence of J. R. RENNICK, shall be with the Husband and that the primary physical residence of STEVEN RENNICK shall be with the

36

Wife. The parties further stipulated that there should be frequent and liberal contact and access to the respective children from the non-custodial parents and request the Court to Order, as a minimum, its standard visitation and access schedule. The marriage is irretrievably broken.

2. The Husband is 36 years old. The Husband has a congenital heart defect known as WPW Syndrome. High levels of stress can exacerbate the condition. In addition, the Husband has sustained a back injury as a result of a 1985 automobile accident and has been undergoing treatment by a chiropractor physician. The Husband has a Bachelor of Arts degree and has done two years post graduate work toward a Master of Business Administration degree at Harvard University but did not receive same. Throughout his adult life, he has been an extremely hard worker and has invested his money wisely. Subsequent to moving to Vero Beach, neither the Husband nor the Wife had ever been employed by others. They maintained themselves and their children as a result of the real estate investments and antiques and used furniture sales which they conducted. The nature of their investments consisted of the purchase of distress property and property that could be acquired for little or no cash down payment. All of which was predominantly low to middle class residential rental units. During the marriage the Husband has obtained his real estate license from the State of Florida. In addition, he has formed RON RENNICK, INC., KING MANGO CORPORATION, and STEAM MILL HOLLOW, INC., all Florida corporations.

3. The Wife is 40 years of age. Her health appears to be satisfactory. She must wear corrective lenses and indicates that contact lenses have been more satisfactory than normal eye glasses. The Wife complained of other possible medical disorders but produced no proof of same at Trial. The Wife is not a high school graduate but has attended some college level courses. The Wife would work with the family investments alongside the Husband. Her present job skills would limit her ability to obtain employment in the private sector, she is quite capable of managing and operating the investments awarded to her by the Court.

4. The considerable property acquired by the parties is held jointly, individually, and in some cases by the corporations of the parties. The Court has determined the fair market value of each parcel of real estate and has factually determined the cash flow of each parcel, if any, on the list below. The said list refers to the properties by letter designation as has been consistently done throughout the course of this litigation. The Court, while considering this issue, has considered all of the

properties of the parties as marital assets irrespective of how the legal title was designated.

## FACTUAL DETERMINATION OF FAIR MARKET VALUE AND CASH FLOW OF THE ASSETS OF THE PARTIES

| PROPERTY DESIGNATION | CASH FLOW | FAIR MARKET VALUE |
|---|---|---|
| A | (848.00) | 33,242.00 |
| B | 1,801.00 | 31,000.00 |
| C | 1,747.00 | 30,600.00 |
| D | 3,152.00 | 58,500.00 |
| E | 3,152.00 | 78,240.00 |
| F | 1,194.00 | 24,000.00 |
| G | (262.00) | 11,000.00 |
| H | (210.00) | 12,500.00 |
| I | (848.00) | 47,000.00 |
| J | (4,092.00) | 38,500.00 |
| K | 1,237.00 | 26,500.00 |
| L | (3,106.00) | 42,000.00 |
| N | 207.00 | 18,000.00 |
| O | (34,346.00) | 80,000.00 |
| P | 24,063.00 | 434,000.00 |
| Q | (11,486.00) | 45,000.00 |
| R | 2,025.00 | 11,625.00 |
| T | (4,271.00) | 31,200.00 |
| U | (1,481.00) | 30,000.00 |
| V | (6,327.00) | 97,000.00 |
| W | (2,218.00) | 24,000.00 |
| X | 693.00 | 17,000.00 |
| Y | (1,751.00) | 19,500.00 |
| Z | (16,680.00) | 75,700.00 |
| AA | (3,150.00) | 29,400.00 |
| BB | (1,341.00) | 37,500.00 |
| CC | 113.00 | 34,000.00 |
| EE | (3,669.00) | 74,500.00 |
| FF | (1,735.00) | 22,500.00 |
| GG | (991.00) | 30,000.00 |
| HH | (1,005.00) | 18,500.00 |
| JJ | (50.00) | 2,500.00 |
| KK | (1,700.00) | 12,000.00 |
| LL | (50.00) | 1,000.00 |
| MM | (150.00) | 3,500.00 |
| NN | (550.00) | 17,500.00 |

| | | |
|---|---|---|
| OO | (150.00) | 2,000.00 |
| PP | (5,500.00) | 110,000.00 |
| QQ | N/A | 84,640.00 |
| RR | (50.00) | 1,270.00 |
| TT | N/A | 16,000.00 |

### THE DISSOLUTION ISSUE:

5. As to the dissolution issue, under the provisions of Chapter 61, Florida Statutes, fault in causing the marriage breakup is not relevant. The voluminous evidence, herein, clearly demonstrates that this marriage is irretrievably broken and has been so for well over one year. The Court finds that the allegations of marital misconduct from both parties, whether well founded or not, did not contribute significantly to the breakup of this marriage.

### THE CUSTODY ISSUE:

6. The Court accepts the stipulation of the parties. Having considered all of the evidence the Court finds that the best interests of the minor children of the parties, as well as the parties, is served by awarding shared parental responsibility with the primary physical residence of J. R. RENNICK to be with his Father, RONALD H. RENNICK, and the primary physical residence of STEVEN RENNICK, to be with his Mother, DIANNE RENNICK. Frequent and continuing contact would be in the best interest of the minor children.

7. The Court finds that both parties will be well able to support the respective minor children that resides with said primary residential parent. It is further found that as a result of the equitable distribution and lump sum alimony awards hereinafter described, that neither party would be required to contribute child support for the non-residential child.

### SPECIAL EQUITY ISSUE:

8. The Husband has alleged a special equity in certain assets in his possession at the outset of the marriage. The Court finds that the Husband did not maintain said funds in a separate estate but rather commingled said funds throughout the course of the marriage to the extent that they could not and cannot be traced, and accordingly, no special equity is found on behalf of the Husband.

### EQUITABLE DISTRIBUTION:

9. The Court having determined the values and cash flows of the respective properties of the parties, having considered all of the assets

**39**

of the parties, the parties abilities to operate and manage said properties, the Court determines that an equitable distribution of the properties should award to the Wife sufficient income producing property to which she is capable of managing and maintaining. The Court determines that the property being awarded to the Wife is such income producing property that will yield the Wife considerable income to enable her to remain in a lifestyle equivalent to or greater than that to which she had been accustomed during the marriage. The equitable distribution of property to the Wife, while having a somewhat lesser fair market value than that being awarded to the Husband, does in fact, include predominantly all of the income producing property that yields a positive cash flow.

10. On the other hand, the equitable distribution award to the Husband, although it has a larger fair market value, contains a considerable amount of property that yields a negative cash flow.

## THE ALIMONY ISSUE:

11. The Court awards to the Wife property QQ, that being the marital home, TT and all of the furnishing therein as lump sum alimony. The Wife shall take this property subject to and be responsible for any mortgage or encumbrance on said property.

12. The Court finds that no permanent periodic alimony is warranted in this case. As a result of the equitable distribution by this Court the Wife is not found to be in need nor will the Husband be capable of providing alimony. Further, the Court finds that the Wife will be capable of living equivalent to her pre-dissolution standard of living; that the relative value of their estate will not warrant alimony; and that the Wife will not have a need for additional money. The Court finds that the parties have each received approximately $30,000.00 in September, 1986, as a result of the sale of assets; that there is in escrow monies to be used for any tax consequence of the sales prior to this Order and that mortgage payments to the parties from said sales will yield additional liquid cash assets of approximately $30,000.00 each.

13. In seeking permanent alimony for the Wife, her Counsel relies heavily on *Jennings v. Jennings*, 464 so.2d 1359 (Fla. 3d DCA 1985) and other cases cited to the Court which authorizes the trial court in its discretion to take into account the adultery of a party. However, the Wife's reliance is misplaced. Sec. 61.08(1), Florida Statutes, in pertinent part, states:

". . . The Court may consider the adultery of a spouse and the

40

circumstances thereof in determining whether alimony will be awarded *to such spouse* and the amount of alimony, if any to be awarded." (emphasis supplied)

Here, the Husband has been shown to have committed adultery. However, he is not seeking alimony, the Wife is. It has not been shown that she has committed adultery. Neither the statute, nor *Jennings* or the cases cited therein, stand for the proposition that the Wife is entitled to alimony or an enhancement of alimony because of the Husband's adultery. *Noah v. Noah*, 11 FLW 325 (Fla. July 17, 1986).

14. The Court recognizes and has included in its division the $4,330.00 credit in favor of the Husband against the Wife for her previously Ordered contemptuous conduct.

### ATTORNEY'S FEES AND COURT COSTS:

15. The Court determines that the parties will be departing this marriage in relatively equal economic circumstances. Further, the parties have liquid assets individually held as a result of the sale of property. Finally, the record is completely void of any testimony by the Wife or expert witnesses as to attorney's fees and there has been no reservation to permit same prior to the closing of testimony.

Accordingly, based upon the above findings of fact and conclusions of law, it is

ORDERED, ADJUDGED AND DECREED as follows:

1. The marriage between the parties RONALD H. RENNICK and DIANNE RENNICK is hereby dissolved and each party is returned to the status of being single and unmarried.

2. The parties shall share in the parental responsibility of J. R. RENNICK and STEVEN RENNICK. The primary physical residence of J. R. RENNICK shall be with the Husband, RONALD H. RENNICK, and the primary physical residence of STEVEN RENNICK shall be with Wife, DIANNE RENNICK. Both parties shall have frequent and continuing contact with the non-resident minor child. The minimum contact and access shall be:

Each party shall be entitled to alternate weekend visitation with the two (2) minor children together and shall each be entitled to one evening's visitation each week with the minor children together, commencing with the visitation of Husband on Friday, October 10, 1986. The non-custodial parent shall be entitled to one (1) month's summer visitation with the minor child not in his or her custody. If neither child is in camp during the summer then both children shall be with

the Husband during the month of July and both children with the Wife during the month of August. If either child is in camp during the summer then the parties shall equally divide the remaining summer visitation with the child. The parties shall divide the Christmas Holiday as follows: commencing December 1986, Husband shall have both children from the date the children are released from school for the Christmas recess through 9:00 AM Christmas morning and the Wife shall have both children from 9:00 AM Christmas morning for the remainder of said vacation and the parties shall alternate said schedule each year. The parties shall divide the Easter school recess with the children as follows: Husband shall have both children during the East 1987 recess and the Wife each alternating year thereafter. All other holidays shall be alternated by the parties.

3. Neither party shall be required to contribute child support on behalf of the non-residential child. However, each party shall equally divide all reasonable and necessary medical and dental expenses (including orthodontic) of the children.

4. As equitable distribution and lump sum alimony the Court hereby awards to the Wife, free and clear of any claim of the Husband, the following described real property more particularly described on the exhibit attached hereto and marked as Exhibit "A"*:

Parcel C, E, L, P, and QQ.

Said property shall be taken by the Wife subject to any mortgage of record on said property. Effective November 1, 1986 the Wife shall be solely responsible for any encumbrances or expenses on said property and shall hold the Husband harmless thereon. The Husband is directed to transfer all of his right title and interest by Quit-Claim Deed to the Wife within five (5) days of the date of this Order. In the event the Husband is unable to or refuses to execute said Quit-Claim Deed then a recording of a certified copy of this Order with the Clerk of the Circuit Court in the county wherein said property is located shall act as a transfer of all the right title and interest of the Husband to the Wife for said property.

In addition to the above property to the Wife is hereby awarded all parties right title and interest in the furnishings and contents of the former marital home, free and clear of any claim of the Husband.

5. The Husband is hereby awarded as equitable distribution of the

* The Exhibits referred to in the above trial court decision were not made a part of the Order for the purposes of publication.

marital assets the following real property more particularly described on the exhibit attached hereto and marked as Exhibit "B"*:

Parcel A, B, D, F, G, H, I, J, K, N, O, Q, R, T, U, V, W, X, Y, Z, AA, BB, CC, EE, FF, GG, HH, JJ, KK, LL, MM, NN, OO, PP, and RR.

In addition to the above property the Husband is awarded all of the Wife's right title and interest in the following Florida corporations: RON RENNICK, INC., KING MANGO CORPORATION, and STEAM MILL HOLLOW, INC.

The Wife is directed to transfer all of her right, title and interest in said real estate and said corporations to the Husband within five (5) days of the date of this Order. In the event the Wife is unable to or refuses to transfer said real estate and said corporations then a recording of a certified copy of this Order with the Clerk of the Circuit Court in the county wherein said property and corporations are located shall act as a transfer of all the right title and interest of the Wife to the Husband for said property and corporations.

Said property and corporations shall be taken by the Husband subject to any mortgage of record of said property. Effective November 1, 1986 the Husband shall be solely responsible for any encumbrances or expenses on said property and shall hold the Wife harmless thereon.

6. The Husband shall prepare or cause to be prepared a schedule of all security deposits and advance rents paid by any lessees, tenants or occupiers of the property being transferred to Wife and shall on November 1, 1986, transfer to the Wife said list together with certified funds in the amount of said advance rents and security deposits. The Husband shall further transfer to the Wife, up to date, rent rolls indicating the status of the rents of the lessees, tenants or occupiers of the properties being transferred to Wife.

7. The Husband is hereby awarded any interest the Wife may have in that certain property located in The State of Missouri, County of Texas, described on the exhibit attached hereto and marked as Exhibit "C"*.

8. Each party shall be responsible for his or her own attorney's fees and costs.

---

* The Exhibits referred to in the above trial court decision were not made a part of the Order for the purposes of publication.

9. Except for the dissolution of this marriage, the Court reserves jurisdiction of this cause and of the parties to enter such Orders as may be, from time to time, necessary.

DONE and ORDERED at Vero Beach, Indian River County, Florida, this 24th day of October, 1986.

Editor's Note: This case is presently on appeal to the Fourth District Court of Appeal, Case No. 4-86-2935.